8302

## STATE *EX REL*. THE MUTUAL BENEFIT LIFE INSURANCE CO. v. McMASTER, INSURANCE COMMISSIONER.

INSURANCE.—INSURANCE COMMISSIONER.—A circular issued by an insurance company as to the benefit and advantages of a particular policy based on the scale of dividends for one year only, which exceed those of any other year, and which are supposed to continue for a number of years, is unreasonable and calculated to mislead the public and may be suppressed by the insurance commissioner under the provisions of the act of 1908, 25 Stats. 1110.

Petition in the original jurisdiction of this Court by The Mutual Benefit Life Insurance Commissioner for writ of mandamus against Fitz H. McMaster, Insurance Commissioner.

*Mr. T. Moultrie Mordecai,* for petitioner.

*Attorney General J. Fraser Lyon* and the *Insurance Commissioner,* contra.

August 26, 1912. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. This is an application to the Court, in the exercise of its original jurisdiction, for a writ of mandamus, requiring the respondent to grant to the petitioner, permission to circulate a certain pamphlet, which the respondent had ruled was in violation of law.

The pamphlet is entitled "The Accelerative Endowment Plan."

The respondent does not object to all the provisions thereof, but only to those on pages 14, 15 and 16, which are as follows:

"The company does not publish any 'estimates' of future dividends. Such dividends are necessarily contingent upon existing business conditions, and their amount cannot be

predicted or ascertained in advance. For purposes of illustration, however, it has computed the final results of various policies at certain ages, *based upon the assumption that the company's present dividend scale shall be maintained without change* and that all dividends upon the policies in question will be applied upon the Accelerative Endowment plan. Any change in the company's dividend scale will correspondingly affect the results shown on the following pages."

Illustrations of the Accelerative Endowment Plan (not guaranteed) showing the age at which policy will ultimately be payable as an endowment and amount payable at such age if paid-up option be not accepted. Based on dividends payable in 1912 on 3 per cent. reserve policies for $10,000. Any change in the dividend scale will correspondingly affect the results.

| Age at Issue. | 21 | | 25 | | 30 | | 35 | | 40 | | 45 | | 50 | | 55 | | 60 | | 65 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Ordinary Life | 58 | $10,449 | 60 | $10,444 | 62 | $10,118 | 65 | $10,552 | 67 | $10,280 | 69 | $10,005 | 72 | $10,575 | 74 | $10,255 | 77 | $11,000 | 79 | $10,518 |
| Life, 10 Premiums | 50 | 10,233 | 52 | 10,077 | 55 | 10,146 | 58 | 10,263 | 61 | 10,410 | 63 | 10,097 | 66 | 10,281 | 68 | 10,000 | 71 | 10,196 | 75 | 10,977 |
| Life, 15 Premiums | 51 | 10,428 | 53 | 10,265 | 56 | 10,351 | 59 | 10,479 | 61 | 10,164 | 64 | 10,356 | 66 | 10,093 | 70 | 10,359 | 72 | 11,124 | 77 | 10,095 |
| Life, 20 Premiums | 51 | 10,124 | 54 | 10,454 | 56 | 10,078 | 59 | 10,222 | 62 | 10,403 | 65 | 10,630 | 68 | 10,051 | 72 | 10,481 | 75 | 10,000 | 79 | 11,138 |
| Endowment, 20 Years | 38 | 10,003 | 42 | 10,032 | 47 | 10,081 | 52 | 10,165 | 57 | 10,307 | 62 | 10,540 | 67 | 10,963 | 71 | 10,594 | 75 | 10,605 | | |
| Endowment, 25 Years | 42 | 10,350 | 46 | 10,399 | 51 | 10,494 | 56 | 10,667 | 60 | 10,073 | 65 | 10,517 | 69 | 10,334 | 73 | 10,571 | | | | |
| Endowment, 30 Years | 45 | 10,066 | 49 | 10,148 | 54 | 10,319 | 59 | 10,622 | 63 | 10,292 | 67 | 10,242 | 71 | 10,627 | | | | | | |
| Endowment, 35 Years | 48 | 10,003 | 52 | 10,156 | 57 | 10,462 | 61 | 10,220 | 65 | 10,271 | 69 | 10,739 | | | | | | | | |
| Endowment, 40 Years | 51 | 10,160 | 55 | 10,430 | 59 | 10,248 | 63 | 10,355 | 66 | 10,085 | | | | | | | | | | |
| Endowment, 45 Years | 54 | 10,591 | 57 | 10,365 | 61 | 10,498 | 64 | 10,291 | | | | | | | | | | | | |
| Endowment, 50 Years | 55 | 10,008 | 58 | 10,027 | 62 | 10,516 | | | | | | | | | | | | | | |

Illustrations of the Accelerative Endowment Plan (not guaranteed) showing the age at which policy may be converted into a paid-up participating policy for $10,000, payable at the same time as original policy and cash payable at such age. Based on dividends payable in 1912 on 3 per cent. reserve policies for $10,000. Any change in the dividend scale will correspondingly affect the results.

| Age at Issue. | 21 | | 25 | | 30 | | 35 | | 40 | | 45 | | 50 | | 55 | | 60 | | 65 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Ordinary Life | 48 | $145 | 51 | $127 | 55 | $208 | 58 | $ 12 | 62 | $214 | 65 | $ 69 | 69 | $494 | 72 | $485 | 75 | $531 | 78 | $ 684 |
| Life, 10 Premiums | 30 | 190 | 34 | 195 | 39 | 204 | 44 | 222 | 49 | 249 | 54 | 294 | 59 | 373 | 64 | 509 | 69 | 745 | 74 | 1203 |
| Life, 15 Premiums | 34 | 361 | 38 | 375 | 43 | 401 | 48 | 441 | 53 | 510 | 57 | 2 | 62 | 95 | 67 | 202 | 72 | 718 | 76 | 424 |
| Life, 20 Premiums | 37 | 302 | 41 | 316 | 46 | 344 | 51 | 401 | 55 | 10 | 60 | 107 | 65 | 319 | 69 | 22 | 74 | 750 | 77 | 65 |
| Endowment, 20 Years | 37 | 233 | 41 | 257 | 46 | 296 | 51 | 362 | 56 | 473 | 61 | 651 | 65 | 246 | 74 | 730 | 74 | 715 | | |
| Endowment, 25 Years | 40 | 384 | 44 | 416 | 49 | 480 | 53 | 76 | 58 | 226 | 63 | 499 | 65 | 336- | 71 | 377 | | | | |
| Endowment, 30 Years | 42 | 248 | 46 | 294 | 51 | 386 | 55 | 95 | 60 | 325 | 64 | 219 | 67 | 279 | | | | | | |
| Endowment, 35 Years | 44 | 294 | 48 | 365 | 52 | 107 | 57 | 316 | 61 | 236 | 65 | 299 | 68 | | | | | | | |
| Endowment, 40 Years | 45 | 117 | 49 | 207 | 53 | 35 | 58 | 321 | 62 | 379 | | | | | | | | | | |
| Endowment, 45 Years | 46 | 76 | 50 | 204 | 54 | 107 | 58 | 119 | | | | | | | | | | | | |
| Endowment, 50 Years | 47 | 126 | 50 | 000 | 55 | 293 | | | | | | | | | | | | | | |

The respondent alleges, "that the said pamphlet is wholly an estimate; that it is based upon the dividend scale of the year 1912, which is greater than that of any year since 1900; that representations and estimates contained in said pamphlet, are not based upon the average earnings of the petitioner, or upon the said company's experience for a number of years, sufficient to enable it to state, what will be the amount of dividends and other benefits which will be received by policyholders in future years, or the value of the policies at any definite time in the future." The respondent also alleges, "that it is contrary to the public interest, to allow the petitioner to circulate the pamphlet referred to in the petition, and that said pamphlet is misleading to the public."

As a part of his return, the respondent relied upon a circular letter, issued by the president of the petitioner to its agents, 25th November, 1911, which contains the following statement:

"The company's present dividend scale, with certain modifications, which were first made applicable to the dividends of 1910, was adopted for the dividends of 1900, and has accordingly been in use 12 years. The time has come when, it is believed, the company is justified in adopting a new dividend scale, which will be applied to the dividends of 1912. The new scale results in a considerable increase in the dividends, on all but a few policies." Indeed, the written argument of the petitioner's attorneys shows, that these allegations are admitted.

The act of 1912 (27 Stat. 768), provides, "that any order, ruling or decision of the insurance commissioner, in all matters either of law or discretion, within the jurisdiction of his department, shall be subject to review by *certiorari* or mandamus proceedings, before any Circuit Judge or Justice of the Supreme Court, which may be held at chambers or in open Court, upon thirty days' notice to the insurance commissioner."

The act of 1910 (26 Stat. 772), contains the provision, that "before granting a certificate of authority, to do business in this State, to any company, the insurance commissioner shall be satisfied by proper evidence, that such applicant for license, is duly qualified to do business under the laws of this State; that it is safe and solvent; that its dealings are fair and equitable, and that it conducts its business, in a manner not contrary to the public interests."

The act of 1908 (25 Stat. 1110), provides, that "the life insurance company doing business in this State, and no officer, director or agent thereof, shall issue or circulate, or cause or permit to be issued or circulated, any estimate, illustration, circular, or statement of any sort, misrepresenting the terms of any policy issued by it, or the benefits or advantages promised thereby, or the dividends or shares or surplus to be received thereon, or shall use any name or title of any policy, or class of policies, misrepresenting the nature thereof."

The question raised by the pleadings is, whether the petitioner is issuing or circulating an estimate, illustration, circular or statement, misrepresenting the benefits or advantages promised by the policy, or the dividends or shares of surplus, to be received thereon.

The petitioner's attorneys, in their written argument, say: "The statements made in the leaflet complained of, are based entirely and solely upon *data,* which the commissioner of South Carolina, requires the company to file with him, as a part of the annual return, and such data is a part of the public records of his office." The proposition for which the petitioner contends, is not tenable, for the reason that the statement in the circular, is based, not only upon the scale of dividends for the year 1912, but upon the assumption, that there will not be a decrease in the scale of dividends, during the two periods mentioned in the circular, to wit: 27 and 37 years. This assumption is unreasonable, and tends to mislead the public, for the reason, that the scale of dividends is

based upon a single year, and upon the further fact, that the scale for that year, resulted in a considerable increase in the dividends, over any previous year.

The circular in question is in violation of the act of 1908, and the petition is, therefore, dismissed.

MR. JUSTICE FRASER *did not sit in this case.*